IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

ALPEREN YAGCI and
ANNGI LORENA                                §
                                            §
           Plaintiffs,                      §
                                            §
v.                                          § Civil Action No. 4:25-cv-01451D
                                            §
CIGNA HEALTH AND LIFE INSURANCE             §
COMPANY and JPMORGAN CHASE & CO.            §
                                            §
           Defendants.                      §

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Come now Defendants Cigna Health and Life Insurance Company ("Cigna") and JPMorgan Chase & Co. ("Chase") (collectively "Defendants"), by and through counsel, and for their Reply in Support of Motion to Dismiss state as follows:

## **INTRODUCTION**

On March 13, 2026, Defendants moved to dismiss Plaintiffs' *pro se* Complaint. Dkt. 12. On March 19, 2026, Plaintiffs filed a Response in Opposition. Dkt. 13. In short, the Opposition does not cure the fundamental defects identified in the Motion. As explained in the Motion, the Complaint should be dismissed for three reasons: (1) the expenses for which Plaintiffs sought reimbursement were incurred after the July 31, 2023 deadline and are therefore categorically ineligible for reimbursement; (2) Plaintiffs failed to exhaust their administrative remedies, and the facts alleged do not support a futility exception; and (3) Count II is duplicative of Count I.

51096\328806164.v1

**ARGUMENT**

I.    *Plaintiffs' own exhibits establish their claimed expenses were untimely and ineligible for reimbursement.*

Plaintiffs mischaracterize the Motion to Dismiss as attacking "a handful of merchant-coded entries." Dkt. 13, at 2. The dispositive issue is the date on which the expenses were incurred. Plaintiffs do not, and cannot, dispute that the Plan's written terms expressly limited HCSA reimbursement to expenses *incurred* on or before July 31, 2023, the last day of the month in which Plaintiff Yagci's employment terminated. See Dkt. 1, ¶ 22 and Dkt. 1-6. One need look no further than Exhibit C of Plaintiffs' own Complaint, which shows that each of the four reimbursement claims they submitted was for an expense incurred after that deadline: $150.20 on September 22, 2023; $268.06 on December 9, 2023; $1,718.96 on December 17, 2023; and $294.83 on December 25, 2023. Dkt. 1-6. Every expense alleged in the Complaint was incurred between two and five months late. Thus, none of the expenses are reimbursable under the Plan's plain language.

Plaintiffs now assert that their Complaint "is not limited to those merchant-labeled items" set forth in their own pleadings. Though they cite nothing in support, they appear to implicitly rely on the Complaint's Exhibit F, a pre-termination invoice for psychiatric care. Dkt. #1-8. Moreover, the purported "invoice" in Exhibit F is dated January 24, 2023, yet contains unspecified and undated psychiatric services months into the future that are devoid of any descriptive information, such as billing codes or the nature of the care provided. Not only have Plaintiffs failed to plead that they actually submitted Exhibit F for reimbursement, there are no allegations supporting the proposition that they did so properly or in a timely fashion. "When 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (quoting *U.S. ex*

2

*rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)). Here, Plaintiffs' own Exhibit C, which they chose to incorporate by reference into the pleading, reflects that the expenses they *actually* submitted for reimbursement were incurred after July 31, 2023, and were therefore untimely. Count I should therefore be dismissed with prejudice.

II.      *Plaintiffs have not adequately alleged exhaustion or futility.*

Plaintiffs assert that they exhausted their available administrative remedies prior to filing suit and that further efforts would have been futile. The Opposition demonstrates that they fundamentally misunderstand the futility doctrine. To establish futility, Plaintiffs must establish that it is "certain that [their] claim would be denied on appeal, not merely that [they] doubt[] that an appeal will result in a different decision." *Helscher-Strauss v. Sara Lee Corp.*, No. 06-1627, 2006 U.S. Dist. LEXIS 53555, at *9 (E.D. La. July 28, 2006). As previously noted, the futility bar is high and requires a showing of "hostility or bias." *Harris v. Trustmark Nat'l Bank*, 287 F. App'x 283, 294 (5th Cir. 2008). Exhaustion and futility claims may be appropriate in cases where a plan's review process has been abolished, the administrator failed to provide benefit information to the claimant, the administrative record is complete, or the administrator has indicated that it intends to refuse any further claim. *Gastwirth v. Cigna Grp. Ins. & Ina Life Ins. Co.*, No. 3:97-CV-2481-L, 1998 U.S. Dist. LEXIS 19852, at *9 (N.D. Tex. Nov. 25, 1998) (collecting cases).

None of the above circumstances exist here. Plaintiffs cite nothing to support the proposition that (1) temporary online portal unavailability, (2) purportedly inconsistent explanations provided by telephone, or (3) a letter notifying Plaintiffs that their account could not be located constitute "hostility or bias." To the contrary, Defendants' February 8, 2024 letter explicitly invited Plaintiffs to re-submit their claims for further review. Dkt. 1-3. To that point, if Plaintiffs believe their Exhibit F contains compensable expenses, they were invited to submit

3

51096\328806164.v1

documentation to that effect. Plaintiffs chose not to avail themselves of this opportunity. Their attempt to bypass the administrative process should be rejected and at minimum, the alleged expenses in Exhibit F should be remanded to Cigna for further administrative proceedings. The remaining alleged expenses are clearly and expressly ineligible.

Finally, Plaintiffs assert there is a "contradiction" between the substantive denial of reimbursement on timeliness grounds and Defendants' notification that their account could not be located under the credentials Plaintiffs provided. There is no contradiction, as Plaintiffs' procedural failure to exhaust their available remedies is entirely separate from the substantive inadequacy of the Complaint. The exhaustion and futility argument is that Plaintiffs prematurely brought this case because Defendants were willing to entertain their claims through the administrative process. In the alternative, the Complaint fails on its face because even a cursory review of the pleadings and supporting exhibits shows that the expenses for which Plaintiffs sought reimbursement were untimely. The key is that Plaintiffs did not afford Defendants' administrators the opportunity to review the documentation they rely on in support of the Complaint. Thus, they have not established that denial is "certain." *Helscher-Strauss*, at *9.

### III.      *Count II Remains Duplicative of Count I and Should Be Dismissed.*

Both Counts of the Complaint ultimately seek to recover the same alleged HCSA balance. They do not even attempt to explain how injunctive relief would be required if Plaintiffs were to prevail on their claim in Count I. Where an adequate remedy exists under Section 502(a)(1)B) for an alleged wrong, this Court must dismiss equitable claims under Section 502(a)(3) that seek the same relief. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018). Plaintiffs have an adequate remedy available to them under Section 502(a)(1)(B). When relief under Section 502(a)(1)(B) is available, equitable relief under Section

4

502(a)(3) is not available. *Tolson v. Avondale Indus.*, 141 F.3d 604, 610 (5th Cir. 1998). This principle stands even if the Plaintiffs' Section 502(a)(1)(B) claims fail. *Id.*

In sum, Count II should be dismissed because it is duplicative of Count I.

*IV.    Dismissal should be with prejudice and leave to amend should be denied.*

Plaintiffs seek leave to amend if their Complaint is dismissed. Leave should be denied because the deficiencies in the Complaint cannot be cured by amendment and would therefore be futile. *Burnette v. Rategenius Loan Servs.*, 671 F. App'x 889, 894 (5th Cir. 2016). Specifically, no amendment can cure the fundamental defects that (1) Plaintiffs failed to exhaust the administrative remedies available to them and (2) the expenses at issue were ineligible for reimbursement because they were not timely incurred.

## CONCLUSION

For the reasons set forth herein, Plaintiff has failed to state any claim for relief against Defendants upon which relief may be granted. Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice and for all relief the Court deems just and proper.

Respectfully submitted:

*/s/ Stephanie Laird Tolson*
Stephanie Laird Tolson
State Bar No. 11795430
Hinshaw & Culbertson, LLP
5151 San Felipe Street, Suite 1380
Houston, Texas 77056
Telephone: (346) 344-4501
Facsimile: (346) 202-0186

**ATTORNEYS FOR DEFENDANTS CIGNA HEALTH AND LIFE INSURANCE COMPANY AND JPMORGAN CHASE & CO.**

5

OF COUNSEL:
Hinshaw & Culbertson, LLP
5151 San Felipe, Suite 1380
Houston, Texas 77056

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system, which will send notice of filing to all CM/ECF participants.

Houston, Texas on the 27th day of March 2026.

*/s/ Stephanie Laird Tolson*
Stephanie Laird Tolson

6

51096\328806164.v1